# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

QWINNTAVUS KWAME JORDAN,

      Plaintiff,

v.                                              Case No. 3:24-cv-761-TJC-MCR

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis (Doc. 2), requests appointment of counsel (Doc. 3), and seeks a preliminary injunction and temporary restraining order (Doc. 4).

In the Complaint, Plaintiff names four Defendants – the Jacksonville Sheriff's Office (JSO), Michael William Howe, Cody M. Capps, and Donald C. Evans. Doc. 1 at 2-3. He alleges that in April 2023, while he was at UF Health Shands Hospital receiving medical treatment for his broken right arm, Defendants falsely arrested him, resulting in mental and physical pain. Id. at 5. According to Plaintiff, Howe, Capps, and Evans "filed false affidavits" to detain Plaintiff and falsely imprison him. Id. at 4. Plaintiff also alleges that while he was receiving medical treatment, a "recording device" was "placed

inside [his] right forearm." Id. And he asserts Defendant JSO was "responsible for having [him] discharged without proper medical care," and he has been continually denied medical care for his broken arm. Id. Plaintiff contends Defendants' actions have violated his rights under the Fifth, Thirteenth, and Fourteenth Amendments. Id. at 3. As relief, he seeks monetary damages and declaratory and injunctive relief. Id. at 5-6.

A review of Plaintiff's state court dockets shows that on April 28, 2023, the Flagler County Sheriff's Office (FCSO) identified Plaintiff as being involved in an armed robbery. See State v. Jordan, No. 2023-CF-000443 (Fla. 7th Cir. Ct.).[1] Once police obtained a description of Plaintiff's vehicle, FCSO issued a BOLO to neighboring counties. Id. Soon, the St. John's County Sheriff's Office (SJSO) identified Plaintiff's vehicle traveling north on I-95 and attempted a traffic stop. Id. However, Plaintiff eluded police and a high-speed pursuit began. Id. During the pursuit, Plaintiff crossed into JSO's jurisdiction and JSO, including Defendants Howe, Capps, and Evans, attempted to conduct a traffic stop of Plaintiff, but Plaintiff was able to avoid arrest, running into several

---

[1] The Court takes judicial notice of Plaintiff's state court dockets. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

2

marked police vehicles and firing a single gunshot during the process. See State v. Jordan, No. 2023-CF-4600 (Fla. 4th Cir. Ct.). Eventually, the Kingsland Georgia Police Department (KPD) apprehended Plaintiff, took him to a local hospital in Georgia, and then transferred him to the trauma unit at UF Shands Health. Jordan, No. 2023-CF-000443. JSO arrested Plaintiff when he arrived at UF Shands Health. Id.

The state then charged Plaintiff in No. 2023-CF-00043 (Flagler County, Florida) with one count of armed robbery. Jordan, No. 2023-CF-00043. On June 24, 2024, the trial court in that case entered an order adjudicating Plaintiff incompetent to proceed and involuntarily committed Plaintiff for treatment. Id. That case is still pending.

In No. 2023-CF-4600 (Duval County, Florida), the state charged Plaintiff with aggravated battery on a law enforcement officer and fleeing or eluding an officer for Plaintiff's actions during JSO's pursuit. Jordan, No. 2023-CF-4600. However, on January 23, 2024, the state nolle prossed the charges in No. 2023-CF-4600 to allow the more serious charge in No. 2023-CF-00043 to proceed. Jordan, No. 2023-CF-4600.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b).

3

As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x

4

982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[2]

Plaintiff contends his claims are based on the Fifth, Thirteenth, and Fourteenth Amendments. But given Plaintiff primarily challenges his arrest, the Fourth Amendment's protections are implicated. The Fourth Amendment provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a [§] 1983 claim." Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996). But "the existence of probable cause at the time of arrest is an absolute bar to a § 1983 claim challenging the constitutionality of the arrest." Watkins v. Johnson, 853 F. App'x 455, 460 (11th Cir. 2021) (quoting Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010)); see also Hesed-El v. McCord, 829 F. App'x 469, 472 (11th Cir. 2020) ("[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest.").

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

Here, Plaintiff fails to allege a plausible false arrest claim because he does not allege facts permitting a reasonable inference that Defendants lacked probable cause to arrest him for one of the multiple offenses for which he was charged. See, e.g., Horne v. Chick, No. 8:20-cv-781-T-02AAS, 2020 WL 5355964, at *2 (M.D. Fla. Sept. 7, 2020)[3] (quoting Baysa v. Gualtieri, 786 F. App'x 941, 944 (11th Cir. 2019) ("It is enough that probable cause exist[ed] to arrest for any crime.")); see also Skop v. City of Atlanta, 785 F.3d 1130, 1137-38 (11th Cir. 2007) (even if an officer did not have probable cause to arrest for one crime, there is no Fourth Amendment violation if there was probable cause to arrest for another crime). Instead, Plaintiff merely uses conclusory buzzwords, saying Defendants Howe, Capps, and Evans "filed false affidavits" to "falsely arrest[] and imprison[]" him. Doc. 1 at 4. Such conclusory, vague allegations are insufficient to state a claim under § 1983. See L.S.T. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995); see also Hesed-El v. McCord, 829 F. App'x 469, 472 (11th Cir. 2020) (affirming dismissal of a false arrest claim because the plaintiff's "conclusory assertion that [the officer] acted without probable cause [was]

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

6

devoid of any facts giving rise to a 'plausible suggestion' of . . . false arrest"); Wright v. Dodd, 438 F. App'x 805, 806 (11th Cir. 2011) (affirming sua sponte dismissal of the plaintiff's § 1983 complaint because the plaintiff alleged only "in conclusory fashion that the police arrested [him] without a warrant," and he did not "allege any facts showing that the police lacked probable cause to arrest him"). Thus, Plaintiff fails to state a Fourth Amendment claim against Defendants Howe, Capps, and Evans.

Also, to the extent that Plaintiff attempts to raise a claim regarding the lack of medical care he received for his arm injury, his bare-bone allegations neither provide context regarding his alleged need for additional medical care nor include facts connecting any named Defendant to the alleged denial of medical care. While he asserts Defendant JSO was "responsible for having [him] discharged without proper medical care," "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013); see also Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's

7

offices and jail facilities are not amenable to suit under § 1983); <u>Donovan v. Parker</u>, No. 6:10-cv-855, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Thus, Plaintiff fails to state a claim upon which relief may be granted against Defendant JSO.

<u>Motion for Preliminary Injunction and Temporary Restraining Order</u>

Plaintiff has also filed a request for a preliminary injunction and temporary restraining order requiring the FCSO to not house Plaintiff with confidential informants, respond immediately when any inmate is in potential danger, responsibly respond to administrative remedies, and give Plaintiff proper medical care. <u>See</u> Doc. 4 at 2.

The Court is of the opinion that injunctive relief is unwarranted. First, Plaintiff has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. <u>See</u> M.D. Fla. R. 6.01, 6.02(a)(1). Second, Plaintiff fails to demonstrate he is entitled to injunctive relief.

8

> "A preliminary injunction is an extraordinary remedy never awarded as of right," id.[4] at 1077 (internal quotation marks omitted), and the party seeking that remedy must satisfy a four-part test, Otto v. City of Boca Raton, 981 F.3d 854, 860 (11th Cir. 2020). First, it must prove that "it has a substantial likelihood of success on the merits." Id. (internal quotation marks omitted). Second, it must prove that it will suffer irreparable injury unless the injunction issues. Id. Third, it must prove that the injury that threatens it "outweighs whatever damage the proposed injunction may cause the opposing party." Id. (internal quotation marks omitted). Finally, it must prove that "the injunction would not be adverse to the public interest" if issued. Id. (internal quotation marks omitted).

Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen., Fla. Dep't of Health, 50 F.4th 1126, 1134-35 (11th Cir. 2022); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018).

Here, Plaintiff seeks relief based on conduct that occurred after he initiated this action. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); see also Bruce v. Reese, 431 F. App'x 805, 806 n.1 (11th Cir. 2011). Also, Plaintiff essentially seeks an order directing prison officials to obey the law, which does

---

[4] Fed. Trade Comm'n v. On Point Cap. Partners LLC, 17 F.4th 1066 (11th Cir. 2021).

not satisfy Rule 65's specificity requirement. See Fed. R. Civ. P. 65(d)(1) (requiring an order granting injunctive relief to "state its terms specifically and describe in reasonable detail . . . the act or acts restrained or required" (internal punctuation and numbering omitted)); see also Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding the district court "correctly determined that an injunction ordering the City not to discriminate in [the] future . . . would not satisfy the specificity requirements of the Federal Rules of Civil Procedure"). And courts generally will not interfere with matters of prison administration, including an inmate's custody status or his place of incarceration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). As such, Plaintiff is not entitled to the relief he seeks, and his Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 4) is due to be denied.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 4) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:      Qwinntavus Kwame Jordan, #325817